The Honorable Philip H. Brandt
Chapter 11
Hearing Location: 700 Stewart St., Rm. 8106
Hearing Date: November 12, 2009
Hearing Time: 1:30 p.m.
Response Date: November 12, 2009

# UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

In re

ESM CONSULTING ENGINEERS, L.L.C.,
181 S. 333rd St., Bldg C, Suite 210
Federal Way, WA 98003

Debtor.

Case No. 09-20663-PHB

STIPULATED FINAL ORDER GRANTING AUTHORITY TO USE CASH COLLATERAL

ESM Consulting Engineers, L.L.C., the Debtor and Debtor In Possession herein (the "Debtor" or "ESM") and Homestreet Bank, a Washington State Chartered Bank, N.A. ("Homestreet") through their undersigned counsel, hereby stipulate to the following:

ESM filed a voluntary petition under Chapter 11 (the "Bankruptcy Case") of the United States Bankruptcy Code (the "Code") in the United States Bankruptcy Court for the Western District of Washington at Seattle ("Court") on October 13, 2009 (the "Petition Date").

Homestreet holds a security agreement ("Security Agreement") which grants it a security interest in ESM's inventory, accounts, chattel paper, equipment, and general intangibles, whether now owned or later acquired and (collectively, the "Collateral" and the Collateral which existed as of the Petition Date, the "Prepetition Collateral"). The Collateral additionally includes all accessions, attachments, accessories, tools, parts, supplies, replacements of and additions to any of the Collateral, all products and produce of any of the property described in the collateral section of

FINAL ORDER GRANTING AUTHORITY TO USE CASH COLLATERAL - 1
#729834 v1 / 43823-002

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

Case 09-20663-PHB    Doc 71    Filed 11/11/09    Entered 11/11/09 10:23:18    Page 1 of 11

the Security Agreement, all accounts, general intangibles, instruments, rents, monies, payments, and all other rights arising out of a sale, lease, consignment, or any disposition of any of the property described in the collateral section of the Security Agreement, all proceeds (including insurance proceeds) from the sale, destruction, loss, or other disposition of any of the property described in the collateral section of the Security Agreement, sums due from a third party who has damaged or destroyed the Collateral or from that party's insurer, whether due to judgment, settlement or other process, and all records and data relating to any of the property described in the collateral section of the Security Agreement, whether in the form of a writing, photograph, microfilm, microfiche, or electronic media, together with all of ESM's rights, title and interest in and to all computer software required to utilize, create, maintain, and process any such records or data on electronic media.

The Security Agreement was issued in connection with a loan from Homestreet to ESM. The loan ("Loan") is evidenced by a promissory note dated August 8, 2008, in the principal amount of $1,000,000, which was amended on or about September 11, 2009, with a reduction in the principal amount down to $500,000.

As of November 12, 2009, the Loan has an outstanding principal balance of $500,000 and accrued interest of $2,260.28. The Loan is further evidenced by a Business Loan Agreement, a personal guaranty of Andrew J. Martin (ESM's President) and Change in Terms Agreement dated September 11, 2009 (collectively, the "Loan Agreements," and together with the Notes and Security Agreements, the "Loan Documents.") Hereafter, the obligations owed by ESM to Homestreet shall be referred to as the "Existing Indebtedness." Without prejudice to the rights of any other party, ESM admits it is liable for and has no defense, counterclaim or offset of any kind to the Existing Indebtedness.

FINAL ORDER GRANTING AUTHORITY TO USE CASH COLLATERAL - 2
#729834 v1 / 43823-002

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

Case 09-20663-PHB    Doc 71    Filed 11/11/09    Entered 11/11/09 10:23:18    Page 2 of 11

At its bankruptcy filing, ESM required the immediate use of the Cash Collateral to minimize disruption and to avoid the termination of its business operations, and thereby avoid immediate and irreparable harm to its business pending a final hearing pursuant to Bankruptcy Rules 4001(a)(1) and (c)(2) (the "Final Hearing"). An expedited hearing was held on October 22, 2009 when the Court approved an interim cash collateral order pending Final Hearing.

Homestreet has consented to ESM's continued use of Cash Collateral but only pursuant to the terms and conditions of this Final Order, and the operating budget attached hereto as <u>Exhibit A</u> (the "Budget").

Homestreet has requested pursuant to 11 U.S.C. §§ 361, 362 and 363, and ESM has agreed to provide, adequate protection in Cash Collateral and the Prepetition Collateral on the terms set forth herein. Pursuant to and upon the entry of this Order, Homestreet's interest in the Prepetition Collateral will be adequately protected on account of ESM's use of Cash Collateral, *provided* that Homestreet shall not be prohibited from later asserting that its interest in the Prepetition Collateral lacks adequate protection. Without prejudice to the rights of any other party, ESM admits that by reason of the Loan Documents, the Existing Indebtedness is secured by enforceable liens and security interests on the Prepetition Collateral.

The terms and conditions of this Order are a fair and reasonable response to the ESM's request for Homestreet's consent to the use of Cash Collateral, and the entry of this Order is in the best interests of the ESM's estate and its creditors.

ESM's counsel has provided a certification pursuant to Local Rule 4001-2(a) that the terms of this Order comply with this Court's Guidelines for Cash Collateral and Financing Stipulations as applicable to an interim order on use of cash collateral.

FINAL ORDER GRANTING AUTHORITY TO USE CASH COLLATERAL - 3
#729834 v1 / 43823-002

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

Case 09-20663-PHB   Doc 71   Filed 11/11/09   Entered 11/11/09 10:23:18   Page 3 of 11

Based on the above stipulation, and the Court having found that sufficient and appropriate notice of the hearing authorizing interim use of cash collateral was given,

NOW, THEREFORE, it is HEREBY ORDERED:

1. The Motion is granted and approved on a final basis as set forth herein. Capitalized terms used herein shall have the same meaning as set-forth in the Motion.

2. The Budget attached hereto as <u>Exhibit A</u> is approved and replaces the Budget attached to the Interim Order as Exhibit A to the Interim Order;

3. ESM is authorized to use Cash Collateral to fund the costs and expenses of its operations through the date that is the earlier of (i) January 16, 2010; or (ii) entry of a subsequent order of the Court terminating ESM's authority to use Cash Collateral. ESM's authority to use Cash Collateral is limited strictly to the amounts and uses of Cash Collateral as set forth in each line item of the Budget and compliance with the borrowing base requirements of the Loan Documents. Homestreet specifically reserves the right at its sole discretion to revoke its consent or amend the terms of its consent to the continued use of Cash Collateral at any subsequent hearing on the use of Cash Collateral. ESM shall not, without the prior written consent of Homestreet, make any payments or pay any expenses at any time before the period for which such expense is budgeted, or apply any cost savings in any line item to any cost overruns in any other line item except as set forth below. ESM may not exceed any line item of the Budget by more than 20%, without the prior written consent of HomeStreet. ESM may not exceed the monthly total of expenditure line items by more than 10%, without the prior written consent of HomeStreet. Consenting to the line item expenses set forth in the Budget shall not be construed as authorization by Homestreet for ESM to accrue, and ESM shall not accrue, additional liabilities on credit, or create any obligation or agreement on behalf of Homestreet to subordinate, expressly or by

FINAL ORDER GRANTING AUTHORITY TO USE CASH COLLATERAL - 4
#729834 v1 / 43823-002

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

Case 09-20663-PHB   Doc 71   Filed 11/11/09   Entered 11/11/09 10:23:18   Page 4 of 11

implication, any claims or rights to payment that Homestreet may now or hereafter hold against ESM or the bankruptcy estate.

4. As adequate protection for ESM's use of Cash Collateral, Homestreet is hereby granted security interests and liens (collectively the "Replacement Liens") in and to the following (collectively the "Postpetition Collateral"): (a) all proceeds from the disposition of all or any portion of the Prepetition Collateral, (b) all property of ESM and ESM's estate of the same kind, type and nature as the Prepetition Collateral that is acquired after the Petition Date, and (c) all proceeds of the foregoing. The Replacement Liens are and shall be in addition to the prepetition liens evidenced by the Security Agreement, and shall remain in full force and effect notwithstanding any subsequent conversion or dismissal of this case. The Replacement Liens granted to Homestreet shall have the same priority position as existed in the Prepetition Collateral prior to the Petition Date and shall be valid and enforceable as of the Petition Date. Further, no other lien of any type or nature shall become prior to the Replacement Liens granted herein as to the Prepetition Collateral or Postpetition Collateral by the passage of time or the acquisition of property, tangible or intangible, by ESM after the Petition Date. The granting of such Replacement Liens shall be in addition to Homestreet's rights in the Prepetition Collateral, and nothing contained herein shall constitute a waiver of Homestreet's rights and priority in the Prepetition Collateral.

5. The Replacement Liens hereby granted to Homestreet shall constitute provision of adequate protection of Homestreet's interests in the Prepetition Collateral on account of ESM's use of Cash Collateral pursuant to the terms of this Order. The liens granted hereby shall be valid, perfected and enforceable security interests and liens on the property of ESM and ESM's estate without further filing or recording of any document or instrument or any other action, but only to

FINAL ORDER GRANTING AUTHORITY TO USE CASH COLLATERAL - 5
#729834 v1 / 43823-002

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

Case 09-20663-PHB    Doc 71    Filed 11/11/09    Entered 11/11/09 10:23:18    Page 5 of 11

the extent of Cash Collateral used during the term of this Order, and only to the extent of the enforceability of Homestreet's security interests in the Prepetition Collateral. Notwithstanding the foregoing, ESM is authorized and directed to execute and deliver to Homestreet such financing statements, mortgages, instruments and other documents as Homestreet may deem necessary or desirable from time to time. To the extent necessary, the automatic stay in effect pursuant to 11 U.S.C. § 362 is hereby modified and lifted to permit the granting of the Replacement Liens as set forth herein.

6. If and to the extent the adequate protection of the interests of Homestreet in the Prepetition Collateral granted to Homestreet pursuant to this Order proves insufficient, Homestreet shall be entitled to a claim under 11 U.S.C. §§ 503(b) and 507(b) in the amount of any such insufficiency that shall at all times be senior to the rights of the Debtor in this proceeding under the Bankruptcy Code and shall have priority over any and all unsecured and priority claims in this case, whether incurred or arising before or after the Petition Date, the entry of this Order, or conversion of this case pursuant to section 1112 of the Bankruptcy Code or in any other proceeding related thereto, and whether incurred pursuant to section 726(b) of the Bankruptcy Code or otherwise.

7. As a condition of continued use of the Cash Collateral, and prior to its use of Cash Collateral, ESM is directed to deliver to Homestreet such financial and other information concerning its use of the Prepetition Collateral as Homestreet shall reasonably request. ESM is further directed to deliver to Homestreet such financial and other information concerning the business and affairs of ESM and the Postpetition Collateral as Homestreet shall reasonably request from time to time. Upon Homestreet's written request, ESM is further directed to deliver to Homestreet evidence, satisfactory to Homestreet, that the Prepetition Collateral (including,

FINAL ORDER GRANTING AUTHORITY TO USE CASH
COLLATERAL - 6
#729834 v1 / 43823-002

*Law Offices*
**KARR TUTTLE CAMPBELL**
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

Case 09-20663-PHB    Doc 71    Filed 11/11/09    Entered 11/11/09 10:23:18    Page 6 of 11

without limitation, the Property) and Postpetition Collateral are insured for the full replacement value thereof, and that all insurance policies required by the Loan Documents, or obtained in connection therewith are maintained in full force and effect. ESM shall otherwise also use its best efforts to comply with the covenants set forth in the all documents evidencing or related to the Existing Indebtedness (the "Loan Documents") regarding the preservation, maintenance and protection of Homestreet's collateral. ESM shall permit and consents to Homestreet and any authorized representatives designated by Homestreet (including, without limitation, its auditors, appraisers, construction advisor, and financial advisors) inspecting financial and accounting records, and to make copies and take extracts therefrom, and to discuss any of ESM's affairs, finances and business with ESM at such reasonable times during normal business hours and as often as may be reasonably requested. Without limiting the generality of the foregoing, ESM shall promptly provide to Homestreet and Homestreet's designated representatives any information or data reasonably requested to monitor ESM's compliance with the provisions of this Order and the Loan Documents to perform appraisals or other valuation analyses of any property of ESM. **ESM shall deliver a report to Homestreet on Wednesday of each week detailing ESM's collection and use of Cash Collateral during the prior week. Such report will contain a variance analysis and reconciliation of actual results to the Budget and Budget projections, as well as generation of billable fees, actual billings issued and accounts receivable aging.**

8. The authority of ESM to use Cash Collateral pursuant to this Order shall terminate automatically upon the earlier of (a) ESM's breach of a material term of this Order, provided that if there is a dispute as to the existence or materiality of an alleged breach, ESM's authority to use Cash Collateral shall not terminate for a period of five (5) business days following Homestreet's notice to ESM of the alleged breach to permit ESM the opportunity to seek the appropriate

FINAL ORDER GRANTING AUTHORITY TO USE CASH COLLATERAL - 7
#729834 v1 / 43823-002

*Law Offices*
**KARR TUTTLE CAMPBELL**
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

Case 09-20663-PHB    Doc 71    Filed 11/11/09    Entered 11/11/09 10:23:18    Page 7 of 11

determination or other relief from the Court, and Homestreet shall be deemed to have consented to ESM's right to seek such relief on such shortened time without further order of the Court; (b) this Order is stayed, reversed, vacated, amended or otherwise modified in any respect without the prior written consent of Homestreet (which consent may be withheld in its sole discretion); (c) January 16, 2010, unless the terms of this Order are continued under a subsequent Cash Collateral order; (d) conversion of this case to one under Chapter 7 of the Code; (e) ESM's filing of a motion to obtain financing from a person or entity other than Homestreet under Section 364 of the Code, unless such motion proposes to pay all amounts owing Homestreet in full; or (g) ESM's filing of a motion to grant a lien or security interest on any of the Prepetition Collateral or any property of the estate to a person or entity other than the Homestreet, unless such motion includes a proposal to appropriately compensate Homestreet therefor. If ESM shall fail to comply with any material provision of this Order, Homestreet shall have the right, but not the obligation, to note a hearing before this Court seeking such relief as they may deem appropriate upon five days' notice to (i) counsel for ESM; (ii) counsel for any statutory committee appointed herein; (iii) the Office of the U.S. Trustee; and (iv) all parties that have requested special notice herein, provided that Homestreet's failure to note or delay in noting a hearing pursuant to the terms of this paragraph shall be in no way deemed its acquiescence in such failure to comply nor a waiver of any rights it may acquire as a consequence thereof.

9. The security interests and liens granted herein are hereinafter referred to as the "Postpetition Security Interests." The Postpetition Security Interests shall be (i) senior in rank, priority and right of payment to all other liens on the (1) all ESM's inventory, chattel paper, accounts, equipment, and general intangibles; and (2) all Postpetition Collateral.

FINAL ORDER GRANTING AUTHORITY TO USE CASH COLLATERAL - 8
#729834 v1 / 43823-002

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

Case 09-20663-PHB    Doc 71    Filed 11/11/09    Entered 11/11/09 10:23:18    Page 8 of 11

10. This Order shall not constitute a waiver by Homestreet of any of its rights under the Loan Documents, the Bankruptcy Code or other applicable law, including, without limitation (a) its right to later assert that, notwithstanding the terms and provisions of this Order, any of its interests in the Prepetition Collateral or Postpetition Collateral lack adequate protection within the meaning of 11 U.S.C. §§ 362(d)(1) or 363(e); or (b) its right to later assert a claim under 11 U.S.C. § 507(b). Homestreet's failure, at any time or times hereafter, to require strict performance by ESM of any provision of this Order shall not waive, affect or diminish any right of Homestreet thereafter to demand strict compliance and performance therewith. No delay on the part of Homestreet in the exercise of any right or remedy under this Order shall preclude any other or further exercise of any such right or remedy or the exercise of any other right or remedy. Nothing contained herein shall constitute a waiver by Homestreet of its rights under the Loan Documents against ESM or any guarantor of ESM's obligations under the Loan Documents, arising due to existing defaults under the Loan Documents.

11. If any or all of the provisions of this Order are hereafter modified, vacated, terminated, amended or stayed by subsequent order of this Court or any other court, such occurrence shall not affect: (a) the validity of any obligation to Homestreet incurred or payment made pursuant to this Order; or (b) the validity or enforceability of any lien or priority authorized hereby with respect to Homestreet. Notwithstanding any such modification, vacation, termination, amendment, or stay any indebtedness, obligation or liability incurred by ESM to Homestreet pursuant to this Order prior to the effective date of such modification, vacation, termination, amendment, or stay shall be governed in all respects by the original provisions of this Order, and Homestreet shall be entitled to all the rights, remedies, privileges and benefits, including, without limitation, the security interests and liens granted herein. Except as otherwise provided herein, nothing contained in this

FINAL ORDER GRANTING AUTHORITY TO USE CASH COLLATERAL - 9
#729834 v1 / 43823-002

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

Case 09-20663-PHB   Doc 71   Filed 11/11/09   Entered 11/11/09 10:23:18   Page 9 of 11

Order shall be deemed or construed to waive, reduce or otherwise prejudice the rights of ESM, or of Homestreet under, or with respect to, their respective agreements and the possessory interests, any liens and security interests granted thereunder or in connection therewith including all personal guarantees previously granted in connection with the Loan. Except as provided herein, each of the parties also reserve and preserve all of their respective rights and remedies under applicable law.

12. Upon entry of the Final Order, in consideration of Homestreet's consent to ESM's use of Cash Collateral, the surcharge provisions of 11 U.S.C. § 506(c) shall not be imposed on Homestreet.

13. The provisions of this Order shall be binding on any trustee appointed by the court in this Chapter 11 case or upon subsequent conversion of this case to one under Chapter 7.

14. This Order shall constitute a final order and shall be effective as of the date of signature by the Court.

DATED this ____ day of November 2009.

*[signature: PHB]*

United States Bankruptcy Judge
(Dated as of Entered on Docket date above)

United States Bankruptcy Judge

FINAL ORDER GRANTING AUTHORITY TO USE CASH COLLATERAL - 10
#729834 v1 / 43823-002

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

Case 09-20663-PHB    Doc 71    Filed 11/11/09    Entered 11/11/09 10:23:18    Page 10 of 11

Presented by:

KARR TUTTLE CAMPBELL


By /s/ George S. Treperinas
    George S. Treperinas, WSBA #15434
    Attorneys for ESM Consulting Engineers, LLC


Approved as to Form and Entry by:

RIDDELL WILLIAMS P.S.


By /s/ Bruce Borrus
    Bruce Borrus, WSBA #11751
    Attorneys for Homestreet Bank

FINAL ORDER GRANTING AUTHORITY TO USE CASH COLLATERAL - 11
#729834 v1 / 43823-002

*Law Offices*
**KARR TUTTLE CAMPBELL**
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

Case 09-20663-PHB    Doc 71    Filed 11/11/09    Entered 11/11/09 10:23:18    Page 11 of 11

ESM Consulting Engineers, LLC
13 Week Cash Flow Projection
for Cash Collateral Budget (Cash Basis)
Case 09- 20663

| | Notes | Week No. | 1 | 2 | 3 | October Total | 4 | 5 | 6 | 7 | November Total | 8 | 9 | 10 | 11 | December Total | 12 | 13 | January Total | 13 Week Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | Date Ending | 10/18/09 | 10/24/09 | 10/31/09 | | 11/7/09 | 11/14/09 | 11/21/09 | 11/28/09 | | 12/5/09 | 12/12/09 | 12/19/09 | 12/26/09 | | 1/2/10 | 1/9/10 | | |
| **CASH INFLOWS** | | | | | | | | | | | | | | | | | | | | |
| Beginning Balance | 1 | | | 155,545 | | 155,545 | | | | | | | | | | | | | | 155,545 |
| A/R Collections (including Reimbursables) | | | | 78,750 | 78,750 | 157,500 | 78,750 | 78,750 | 78,750 | 78,750 | 315,000 | 78,750 | 78,750 | 78,750 | 78,750 | 315,000 | 78,750 | 78,750 | 157,500 | 945,000 |
| TOTAL CASH INFLOWS | | | - | 234,295 | 78,750 | 313,045 | 78,750 | 78,750 | 78,750 | 78,750 | 315,000 | 78,750 | 78,750 | 78,750 | 78,750 | 315,000 | 78,750 | 78,750 | 157,500 | 1,100,545 |
| **CASH OUTFLOWS** | | | | | | | | | | | | | | | | | | | | |
| Outflows: | | | | | | | | | | | | | | | | | | | | |
| Payroll (Gross) | 2 | | | 103,000 | | 103,000 | 83,000 | | 80,000 | | 163,000 | 80,000 | | 80,000 | | 160,000 | 80,000 | | 80,000 | 506,000 |
| Medical/Life Insurance/COBRA | 9 | | | 3,700 | 3,000 | 6,700 | | | | 13,400 | 13,400 | | | | 13,400 | 13,400 | | | | 33,500 |
| Payroll Taxes | | | | 7,600 | 20,000 | 27,600 | | 7,600 | | 6,000 | 13,600 | | 6,000 | | 6,000 | 12,000 | | 6,000 | 6,000 | 59,200 |
| Benefit Admin Costs | | | | | | | | | | | | | | | | | | | | |
| Human Resources | | | | 350 | 350 | 700 | 350 | 350 | 350 | 350 | 1,400 | 350 | | 350 | 350 | 1,050 | 350 | 350 | 700 | 6,850 |
| Information Systems | | | | | 20,650 | 20,650 | 550 | 550 | 550 | 550 | 2,200 | 550 | | 550 | 550 | 2,200 | 550 | 550 | 1,100 | 26,150 |
| Survey | | | | 1,350 | 1,350 | 2,700 | 1,350 | 1,350 | 1,350 | 1,350 | 5,400 | 1,350 | 1,350 | 15,000 | 1,350 | 19,050 | 1,350 | 1,350 | 2,700 | 29,850 |
| Operations | | | | 4,150 | 2,650 | 6,800 | 4,150 | 4,150 | 4,150 | 2,650 | 15,100 | 4,150 | 4,150 | 4,150 | 2,650 | 15,100 | 4,150 | 4,150 | 8,300 | 45,300 |
| Project Expense (Reimbursables) | | | | 3,750 | 3,750 | 7,500 | 3,750 | 3,750 | 3,750 | 3,750 | 15,000 | 3,750 | 3,750 | 3,750 | 3,750 | 15,000 | 3,750 | 3,750 | 7,500 | 45,000 |
| Auto Expenses | | | | 1,300 | 1,300 | 2,600 | 1,300 | 1,300 | 1,300 | 1,300 | 5,200 | 1,300 | 1,300 | 1,300 | 1,300 | 5,200 | 1,300 | 1,300 | 2,600 | 15,600 |
| Taxes (State B&O, City, Property) | 8 | | | 16,000 | 16,000 | 32,000 | | | 5,500 | | 5,500 | | | 5,500 | | 5,500 | | | | 43,000 |
| HomeStreet Payments | 6 | | | | | | | | | 9,600 | 9,600 | | | | 9,600 | 9,600 | | | | 19,200 |
| Cle Elum Building Loan | | | | 2,600 | 2,600 | 5,200 | | 750 | | | 750 | | 750 | | | 750 | | 750 | 750 | 7,460 |
| Building Expenses | 3 | | | | | | 1,200 | 800 | | | 2,000 | 2,800 | | | | 2,800 | | 12,500 | 12,500 | 17,300 |
| Outside Services (Legal, Accounting) | 10 | | | 2,300 | 2,300 | 4,600 | | | | | | | | | | | | | | 4,600 |
| E&O/Auto Insurance | | | | | | | | 32,400 | | | 32,400 | 8,250 | 8,250 | | | 8,250 | | 8,250 | 8,250 | 48,900 |
| Marketing | | | | 1,300 | 1,300 | 2,600 | 1,300 | 1,300 | 1,300 | 1,300 | 5,200 | 1,300 | 1,300 | 1,300 | 1,300 | 5,200 | 1,300 | 1,300 | 2,600 | 15,600 |
| Contingency | 7 | | | | | | 1,000 | 1,000 | 1,000 | 1,000 | 4,000 | 1,000 | 1,000 | 1,000 | 1,000 | 4,000 | 1,000 | 1,000 | 2,000 | 10,000 |
| TOTAL CASH OUTFLOWS | | | - | 147,400 | 75,250 | 222,650 | 97,950 | 55,300 | 99,250 | 41,250 | 293,750 | 96,550 | 31,400 | 112,900 | 41,250 | 282,100 | 106,250 | 28,750 | 135,000 | 933,500 |
| **PROFESSIONAL COSTS** | | | | | | | | | | | | | | | | | | | | |
| Professional Fees | | | | | | | 2,000 | 2,000 | 2,000 | 2,000 | 8,000 | 2,000 | 2,000 | 2,000 | 2,000 | 8,000 | 2,000 | 2,000 | 4,000 | 20,000 |
| US Trustee Fees | | | | | | | | | | | | | | | | | | 6,500 | 6,500 | 6,500 |
| Total Professional Costs | | | - | - | - | - | 2,000 | 2,000 | 2,000 | 2,000 | 8,000 | 2,000 | 2,000 | 2,000 | 2,000 | 8,000 | 2,000 | 8,500 | 10,500 | 26,500 |
| TOTAL CASH OUTFLOWS | | | - | 147,400 | 75,250 | 222,650 | 99,950 | 57,300 | 101,250 | 43,250 | 301,750 | 98,550 | 33,400 | 114,900 | 43,250 | 290,100 | 108,250 | 37,250 | 145,500 | 960,000 |
| Capital Expenditures | 4 | | | | | | | | | | | | | | | | | | | |
| PROJECTED CASH BALANCE | | | - | 86,895 | 90,395 | | 69,195 | 90,645 | 68,145 | 103,645 | | 83,845 | 129,195 | 93,045 | 128,545 | | 99,045 | 140,545 | | 140,545 |
| **BILLING ACTIVITY** | | | | | | | | | | | | | | | | | | | | |
| Billable Fees Generated (WIP) | | | | 78,750 | 78,750 | 157,500 | 78,750 | 78,750 | 78,750 | 78,750 | 315,000 | 78,750 | 78,750 | 78,750 | 78,750 | 315,000 | 78,750 | 78,750 | 157,500 | 945,000 |
| Billings | 5 | | | | 370,000 | 370,000 | | | | 325,000 | 325,000 | | | | 325,000 | 325,000 | | | - | 1,020,000 |

**NOTES:**
1 - No checks were disbursed since the filing. The Beginning Balance reflects the balances as of October 21 for all Homestreet Bank and Bank of America accounts.
2 - Planned staff reduction the week ending November 7. (Week 4). Additional staff reductions anticipated in Week 6
3 - Newly entered into leases in Everett and Federal Way have initial payments due the week ending January 2, 2010. (Week 12). Everett CAM ($1,575 per month) charges apply, throughout.
4 - Anticipated sale of excess assets in Week 10 cancelled
5 - Billings are prepared and sent out monthly during the last week of each month (usually around the 25th). Billable direct labor and materials are chargeable on multiple jobs continuously during the working weeks.
6 - Interest and principal payment. Reduction of principal of $8,000 per month.
7 - Reserve for contingency items and future plan closing costs
8 - Taxes adjusted to reflect proper payment schedule for State B&O, City and property taxes.
9 - Medical and Life Insurance premiums are paid monthly.
10 - Outside service costs are included in Professional Fees